UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-6237 JGB (PVCx)** | Date | February 11, 2022 |
| Title | *Martha Herrera-Martinez v. Kia Motors America Inc. et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause (IN CHAMBERS)

On June 8, 2020, Martha Herrera-Martinez ("Plaintiff") filed a complaint against Kia Motors America, Inc. and Kia of Carson ("Removing Defendants") asserting four causes of action: (1) breach of implied warranty of merchantability under the Song-Beverly Act; (2) breach of express warranty under the Song-Beverly Act; (3) breach of express warranty under the Magnuson-Moss Warranty Act; and (4) breach of implied warranty of merchantability under the Magnuson-Moss Warranty Act.

Defendants removed on July 20, 2020, alleging federal question jurisdiction under the Magnuson-Moss Warranty Act. ("Removal," Dkt. No. 1.) The Complaint alleges the following as to the vehicle's price: "On or about 2015, Plaintiff purchased, for personal, family, and/or household purposes, the Vehicle, for a total consideration of more than $25,000. The Purchase Contract is in the possession of the Defendants." Complaint ¶ 5. Defendants do not attach the vehicle's sales contract as an exhibit in its Removal. Defendants also do not provide any history of service repairs to calculate the appropriate mileage offset. Instead, Defendants merely allege that "[s]ince Plaintiff seeks…reimbursement of the purchase price paid for the vehicle and a two time civil penalty, the amount in controversy is at least $75,000.03 (at least $25,000.01 in damages[]) (based on Plaintiff's allegation that vehicle was purchased for a total consideration of more than $25,000)+(2 x $25,000.01)" for the civil penalty. (Removal ¶ 12.)

  Federal courts do not have jurisdiction over civil actions brought by a consumer pursuant to the Magnuson-Moss Act where the amount in controversy is less than the sum or value of $50,000. 15 U.S.C. § 2310(d)(3)(B). Defendants provide no evidentiary support for their argument that Plaintiff's prayer demonstrates an amount in controversy in excess of $50,000. The amount in controversy presented in the Removal is speculative without the vehicle's sales contract and service repair history.

  Accordingly, Defendants are ordered to show cause in writing no later than **February 20, 2022,** why this action should not be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**