JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-6237 JGB (PVCx)** | Date | March 3, 2022 |
|---|---|---|---|
| Title | *Martha Herrera-Martinez v. Kia Motors America Inc. et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:** Order REMANDING Case to Los Angeles County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendants Kia Motors America, Inc and Kia of Carson (collectively, "Defendants"). ("Removing Defendant" or "FCA"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice and Response to the OSC, the Court sua sponte REMANDS the case to the Los Angeles County Superior Court.

**I.  BACKGROUND**

On June 8, 2020, Martha Herrera-Martinez ("Plaintiff") filed a complaint against Kia Motors America, Inc. and Kia of Carson ("Defendants") in the Superior Court of the State of California, County of Los Angeles. ("Complaint," Dkt. No. 1-1.) The Complaint asserts four causes of action: (1) breach of implied warranty of merchantability under the Song-Beverly Act; (2) breach of express warranty under the Song-Beverly Act; (3) breach of express warranty under the Magnuson-Moss Warranty Act; and (4) breach of implied warranty of merchantability under the Magnuson-Moss Warranty Act. (Id.)

Defendants removed on July 20, 2020, alleging federal question jurisdiction under the Magnuson-Moss Warranty Act. ("Removal," Dkt. No. 1.) On February 11, 2022, the Court issued an Order to Show Cause why the action should not be remanded for lack of subject matter

jurisdiction. ("OSC," Dkt. No. 84.) On February 20, 2022, Defendants timely replied to the OSC. ("Response to OSC," Dkt. No. 85.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court may remand the case sua sponte or on the motion of a party. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Doubt arising from inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Charlin v. Allstate Ins. Co., 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998). Further, a court "must resolve all material ambiguities in state law in plaintiff's favor" on a motion to remand. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). "When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities. (Id. at 1118.)

## III. DISCUSSION

### A. Actual Damages

Defendants argue that the Court holds federal question jurisdiction over this action under the Magnuson-Moss Warranty Act ("MMWA"). (See Removal Notice.) A federal question claim brought under the MMWA requires that the amount in controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). If the Complaint does not allege that the amount in controversy has been met, the removing defendant must allege in its notice of removal that the

amount in controversy exceeds the jurisdictional threshold.  <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 87-88 (2014).

The Court finds that the amount in controversy is not facially evident.  Plaintiff alleges the following as to the vehicle's price: "On or about May 24, 2015, Plaintiff purchased, for personal, family, and/or household purposes, the Vehicle, for a total consideration of more than $25,000. The Purchase Contract is in the possession of the Defendants." Complaint ¶ 5.  Thus, Defendants bear the burden of establishing that the amount in controversy has been met.

Under the Song-Beverly Act, any restitution "must be reduced by the amount directly attributable to use (as measured by miles driven) by the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,000 miles."  <u>Alvarado</u>, 2017 WL 2495495, at *4; Cal. Civ. Code § 1793.2(d)(2)(C).  The mileage offset formula under Cal. Civ. Code section 1793.2(d)(2)(C):

$$\frac{N}{120,000} \times cash\ price\ of\ the\ vehicle$$

(N = number of miles driven before first repair related to the alleged noncomformity)

Defendants contend that the mileage attributed to Plaintiff's use of the car at the time of the first repair is 67,198 miles.  They offer four actual damages figures using Cal. Civ. Code section 1793.2(d)(2)(C)'s mileage offset formula to allege that the $50,000 amount in controversy threshold is met:[1]

1. "Plaintiff's Alleged Damages Exceed $50,000 When Calculating the Mileage Offset Using the Vehicle's 'Cash Price' And Factoring In a Two-Time Civil Penalty."

$$\frac{67,198}{120,000} \times \$27,144.00$$

Mileage offset = $15,200.18
$44,388.72 ("total payable amount") − 15,200.18 = $29,188.53 (alleged actual damages)
$29,188.53 + ($29,188.53 x 2) (two-time civil penalty) = $87,565.59.

(Response to OSC at 4-5.)

---

[1] Two of the calculations use the "total payable amount" figure instead of the statutorily defined "cash price" figure in the formula. (Response to OSC at 5-6.)  The Court disregards those two figures.

2. "Plaintiff's Alleged Damages Exceed $50,000 When Calculating the Mileage Offset Using the Vehicle's 'Cash Price,' Deducting for the Service Contract and Gap Insurance And Factoring In a Two-Time Civil Penalty."

$$\frac{67,198}{120,000} \times \$27,144.00$$

Mileage offset = $15,200.18
$40,388.72 ("total payable amount" with service contract and GAP insurance deducted)– 15,200.18 = $25,188.54 (alleged actual damages)
$25,188.54 + ($25,188.54 x 2) (two-time civil penalty) = $75,565.62.

(Id. at 5.)

Defendants use the "total payable amount" ($44,388.72 or $40,388.72 in the above calculations) as the initial damages amount but do not explain why. Courts in this district consistently find the total cash price to be an appropriate initial measure of actual damages. See Tracy v. Hyundai Motor America, 2020 WL 5291016, *2 (C.D. Cal. Sept. 3, 2020); Quinones v. FCA US LLC, 2020 WL 4437482, *1 (C.D. Cal. July 31, 2020). Optional contracts are deducted from the total cash price. Messih v. Mercedes-Benz USA, LLC, 2021 WL 2588977, *5 (N.D. Cal. June 24, 2021.)

Plaintiff's Retail Installment Sale Contract ("RISC") shows that the "total cash price" of the vehicle is $33,703.16. ("RISC," Response to OSC, Ex. A.) The total cash price includes an optional service contract ($3,250.00) and an optional Gap contract ($750.00). The Court finds that the initial actual damages figure, the "total cash price," is $29,703.16 ($33,703.16 - $4,000.00 (optional contracts)). The Court calculates the mileage offset as follows:

$$\frac{67,198}{120,000} \times \$29,703.16$$

The above calculation generates a mileage offset of $16,633.27. The actual damages amount ($29,703.16 minus $16,633.27) equals $13,069.89.

B. Civil Penalties

The Song-Beverly Act provides that a civil penalty of two times the amount of actual damages is available pursuant to Sections 1794(c) and 1794(e) of the California Civil Code. Generally, "[c]ourts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." Saulic v. Symantec Corp., 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). However, when a defendant "fail[s] to establish the amount of damages at issue," then "the Court cannot determine the amount of any potential civil penalty." Edwards v. Ford Motor Co., 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016).

Although Defendants have not alleged any facts for the Court to conclude that a two-time civil penalty is likely, assuming they had, $13,069.89 x 2 equals $26,139.78. With an additional $13,069.89, the total damages amount is only $39,209.67. This is far below the jurisdictional requirement of $50,000.

The Court does not have subject matter jurisdiction over this matter and REMANDS to the Los Angeles County Superior Court.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**